## James Pease v. John Dawson.

1. SALES—*Made in Good Faith for a Sufficient Consideration.*— A person purchased a saloon and fixtures in good faith and paid a fair price for the same, most of which went in payment of executions then liens upon the property, took possession and carried on the business for a year, giving his personal attention to it, and remaining at the saloon a greater portion of the time. *Held*, in an action of replevin against a judgment creditor of the vendor, sufficient to give him a clear title.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL. Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

Statement.—This was a replevin suit brought by appellee against appellant in the Circuit Court of Cook County to recover possession of a certain stock of liquors, saloon and bar fixtures, which were levied upon by appellant, as sheriff of Cook county, to satisfy an execution issued out of the Circuit Court of said county upon a judgment obtained in said court against one John Early and Algernon S. Osgood, and in favor of Patrick H. Early, for the sum of $1,967.07.

Appellee's declaration contained two counts. The first alleges that on or about the 8th day of December, 1896, appellant wrongfully took the goods and chattels of appellee and wrongfully detained the same, etc. The second alleged that defendant wrongfully detains the goods and chattels of the plaintiff , etc.

The defendant filed five pleas: first, *non cepit;* second, *non detinet;* third, property in the defendant; fourth, that he took said goods and chattels under and by virtue of an execution issued out of the Circuit Court of Cook County on a judgment recovered therein by Patrick H. Early against John Early and Algernon S. Osgood for the sum of $1,967.07, and that the goods were the property of John Early and Algernon S. Osgood, and not the property of plaintiff, to which pleas the plaintiff filed his replication denying that the said John Early and Algernon S. Osgood were the owners of said property and alleged property in appellee. The issues were submitted to a jury, which found in favor of appellee and against appellant. Judgment was rendered upon the verdict.

John Early and Algernon S. Osgood were partners in the saloon business in the city of Chicago from the spring of 1888, till the spring of 1895, at which time the said John Early, being involved, and having overdrawn his account $3,200, made a bill of sale of his interest in the business to one E. A. Dreifuss, who was then the bartender in said saloon and had no property. There was no consideration passed for the making of said bill of sale other than the assumption by Dreifuss of the liabilities of Early in the firm of Osgood & Early. Dreifuss continued to stay in the saloon, as bartender, for $25 per week, until the spring of 1897. Osgood told him he would not recognize him as a partner unless he paid Early's overdraft of $3,200 and thereafter Osgood ran the saloon as his own.

In the fall of 1896, Early & Osgood being indebted to the Schoenhofen Brewing Company, it obtained a judgment against the said John Early and Algernon S. Osgood for the sum of $2,549.71, and also a judgment against Algernon S. Osgood for the sum of $1,015.14, upon which

judgments executions were issued and placed in the hands of the sheriff of Cook county and by him levied upon the saloon and fixtures in question. The saloon was permitted to run without being closed up. Some few days after the making of said levy, Osgood sent for his brother-in-law, who was a lawyer living in Joliet. He came to Chicago, and after consulting with Osgood and appellee, it was arranged that appellee should furnish the money to pay off these judgments and Osgood should sell the place to him and make him a bill of sale of the entire saloon stock and fixtures, which he did. Appellee gave to Osgood the sum of $4,000. The judgments of the Schoenhofen Brewing Company were satisfied and assigned over to appellee, the balance of the $4,000 being used to pay other saloon creditors. The sheriff then released his levy, and the saloon thereafter was run by appellee, Osgood remaining as manager at a salary of $40 per week. Dreifuss stayed there the same as he had done before. There was no change in the barkeepers, no change in the license, either government or city, no change in the lease; appellee endeavored to obtain a lease but could not. At the time the bill of sale was made from John Early to Ed Dreifuss, John Early and Algernon S. Osgood were then indebted to Patrick H. Early for the amount of money for which he afterward obtained judgment in the Circuit Court of Cook County against them, and upon which execution was issued and placed in the hands of the appellee, and under said execution he levied upon the stock of goods and fixtures in said saloon as the property of John Early and Algernon S. Osgood.

At the close of the plaintiff's evidence, defendant's counsel moved to take the case away from the jury, which motion was overruled; and at the close of all the evidence the defendant renewed his motion with a like result.

HARVEY STRICKLER and D. McCASKILL, attorneys for appellant.

BULKLEY, GRAY & MORE, attorneys for appellee.

Pease v. Dawson.

MR. JUSTICE WATERMAN delivered the opinion of the court.

That appellee purchased the saloon and fixtures in good faith and paid a fair price, $4,000, for the same, most of which went in payment of executions then a lien upon the property and that every dollar was applied in satisfaction of saloon debts, is unquestioned. That appellee took possession and carried on the business for a year, giving personal attention to the business and remaining at the saloon the greater portion of the time, was clearly shown.

That any creditor was in any way deceived, or parted with anything under the belief that Osgood or Early had any interest in the property or business after the sale to appellee is not claimed.

The possession of appellee after his purchase was such that any one who inquired would have learned that he was the owner. True, there was no change of signs or name, the place continuing to be called the " St. Cloud," a name which did not indicate any particular person as the owner, and therefore one which there was no necessity for a change of. Nor did Early, after he made a bill of sale to Dreifuss, retain any interest in the saloon. Whether Dreifuss paid him anything, or did ought other than to assume the saloon liabilities of Early, is immaterial. All parties thereafter treated the place and property as that of Osgood, and he, to obtain money with which to discharge his and Early's liabilities, sold to appellee.

The retention of Osgood, as an employe and the payment to him of a salary of $40 per week, were under and consistent with appellee's ownership. No one was misled or injured thereby.

The possession and conduct of appellee were all that the law requires to indicate his purchase and ownership. Read v. Wilson, 22 Ill. 377; Bass v. Pease, 79 Ill. App. 308; McCord v. Gilbert, 64 Ill. App. 233; Gallick v. Bordeaux, 56 Pac. Rep. 961.

We find no error in the giving or refusing of instructions or in the admission or rejection of evidence warranting a reversal of the judgment of the court below and it is affirmed.