## Fred Espert v. Frederick Ahlschlager.

### Gen. No. 11,676.

1. Interest—*when allowance of, for unreasonable and vexatious delay, improper.* Something more than mere delay and appearing and defending an action is essential to establish an unreasonable and vexatious delay of payment.

2. Architect—*when, not entitled to make extra charge.* Held in this case that particular services, such as the making of extra drawings, consultations with respect thereto, and providing a superintendent for the work, were not of such character as to entitle the supervising architect to make charge for extra service upon account thereof.

3. Verdict—*when, set aside on appeal.* It is the duty of the Appellate Court to set aside a verdict which appears to be clearly against the weight of the evidence.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. John Gibbons, Judge, presiding. Heard in this court at the March term, 1904. Affirmed upon remittitur. Opinion filed January 5, 1905.

Mancha Bruggemeyer, for appellant.

Edward Maher and George Lauder Turnbull, for appellee.

Mr. Presiding Justice Ball delivered the opinion of the court.

This is an assumpsit brought by appellee against appellant to recover a balance due for services as an architect. The declaration consists of the common counts. The bill of particulars attached thereto reads:

"Chicago, April 16th, 1900.

Mr. Frederick Espert, 98 South Water street.

To Frederick Ahlschlager, Architect, Dr.

For drawing plans and specifications and superintend-

ence for a seven story and basement cold storage and re-
frigeratory building, 75x109 feet, erected on Michigan
street, near Rush street.   Total cost $59,800 at 3½%.

| | | |
|---|---:|---:|
| Commission .............................. | $2,093 | 00 |
| For extra work (architect's services), making drawings for different styles of insulations and to consultation with M. Espert......... | 60 | 00 |
| Making out lumber bill, yellow pine.......... | 35 | 00 |
| Making extra changes in plans and alterations. | 75 | 00 |
| For extra superintendence................... | 250 | 00 |
| Total amount ............................. | $2,513 | 00 |
| Received by cash ......................... | 600 | 00 |
| Balance due ............................. | $1,913 | 00" |

Upon the trial the jury returned a verdict in favor of
appellee and assessed his damages at the sum of $1,219.20.
From the judgment entered upon this verdict the present
appeal was perfected.

There is no dispute but that appellee was employed by
appellant as architect of such a building as is described in
the bill of particulars, and performed the work therein set
forth; it is, however, denied that he is entitled to be paid
the sums therein claimed for such services.   Appellant
contends that there was an express contract between the
parties limiting the charges for appellee's services to two
per cent of the total cost of the building, and the prepon-
derance of the evidence seems to support that proposition.
Indeed an analysis of the verdict shows that it is based
upon two per cent of such cost, plus the four items for
extra services, as stated in the bill of particulars, and the
sum of $203.20, being interest for delay in payment.

Under the authorities in this state, the item of interest is
clearly wrong.   Section 2, chapter 74, Revised Statutes,
provides that creditors shall be allowed to receive interest
at the rate of five per cent per annum "on money withheld
by an unreasonable and vexatious delay of payment."
Appellee made out his bill as shown in the bill of particu-
lars, and presented it to appellant for payment.   The two
men disagreed as to the amount due, and, without attempt-

ing an adjustment, parted in anger. This suit was begun
without further negotiation. It is clear that where there
is an honest dispute between business men as to the amount
due from one to the other, something more than mere de-
lay is necessary to authorize a recovery of interest under
the statute. That section imposes a penalty, not for delay
alone, but for a vexatious and unreasonable delay. Surely a
delay is not of this character when the claim demanded is
$897 greater than the preponderance of the evidence shows
and a jury found it should be. The mere fact of appearing
and defending a suit is not sufficient to fasten this liability
upon appellant, because that is a right which cannot be con-
strued into unreasonable or vexatious delay of payment.
Imperial Hotel Co. v. Claflin Co., 175 Ill. 124; Hoblit v.
Bloomington, 71 Ill. App. 204; Glos v. Clark, 97 Ill. App.
620.

The item of $60 for making extra drawings for different
styles of insulation, and to consultations in regard thereto,
is unwarranted. The evidence shows that the building in
question was a cold storage house; that appellee had built
two other such buildings only; that in talking over the
plans with appellant it was suggested that a somewhat
different plan of insulation be installed; that neither ap-
pellant nor appellee was an expert in insulation; that it
was then and there agreed that an expert, Mr. John Wes-
terlin, should be consulted; that accordingly appellant and
appellee had an interview with the expert, and that the
conclusions then reached as to the preferable form of insu-
lation were incorporated by appellee in the original plans
of the building. Clearly these services are included in his
duties as architect of the building, and do not constitute
proper ground for an extra charge.

During the construction of the building appellee employed
his brother, John Ahlschlager, as superintendent of the work.
He charges these services as an extra, and the verdict shows
that the jury agreed with him in this regard. Upon this
question appellee testified: "I was to draw the plans and
specifications and superintend the work." * * * In

answer to this interrogatory—"Did you not agree with Mr. Espert before he gave you the order to make the plans and specifications, that you would furnish a superintendent over this building—in other words, superintend the erecting of it? yes or no?" he answered: "Yes, sir." Question: "Did you tell him it would cost him extra?" Answer: "No." Again he says: "My duty as an architect is to do the whole work as to the making up of plans and specifications, details, and take estimates, let contracts and give general superintendence to the work."

John Ahlschlager, who for years had been an assistant to appellee, testifies that his work consisted in "supervising the details of the building and seeing that it is carried out according to plans and specifications." He further says that while he was so employed Michael Espert asked him "to stay steady on the building," and admits appellant never talked to him about staying there all the time, and that he took his instructions from appellee.

It appears that prior to the construction of the building in question, appellee had, as architect, drawn the plans for and superintended the erection of two other cold storage buildings, similar in form and arrangement to this one; that his brother John superintended each of these two buildings for appellee, performing therein substantially the same services as were rendered here; that appellant passed upon the correctness of the bills for these two buildings and then paid them; that in neither case was there any extra charges for the services performed by John Ahlschlager; and that the commissions of appellee there as here was two per cent on the cost of the building. It was attempted to be shown that it is the custom, where constant superintendence is necessary, to employ what is called a "clerk of the works," whose service is paid for by the owner; but such custom, if it exists, cannot control as against the terms of an express contract, as is here proved by a great preponderance of the evidence, and is here found by the jury. We are of the opinion that the work done by this assistant is included in the superintendence which ap-

pellee assumed and agreed to perform, and that the reward therefor is to be found in appellee's agreed commission based upon the cost of the building.

Counsel contend that where the evidence is conflicting this court will not disturb the verdict. Whatever may be the rule where there is a conflict merely in the evidence, it is the law that this court should "disturb the verdict," and it is the duty of this court so to do, where it is clearly against the weight of the evidence. See I. C. Ry. Co. v. Haecker, 110 Ill. App. 104, where the authorities upon this point are collected. Under the evidence, no one of the foregoing items should have been considered by the jury.

There is evidence in the record, which, if believed by the jury, warranted them in finding for appellee as to the item of $35 for making out the lumber bill, and that for $75 for changes in plans and alterations. If appellee, within ten days from the date when this opinion is handed down, will remit from the verdict herein the sum of $513.20, the judgment of the Circuit Court will be and is affirmed for the sum of $706; and if appellee fail so to remit, then the judgment of the Circuit Court shall be and is reversed and the cause remanded.

Remittitur filed and judgment affirmed January 9, 1905.

*Affirmed.*