(No. 14112.—Reversed and remanded.)

THE BOARD OF EDUCATION OF HIGH SCHOOL DISTRICT No. 502, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM A. HEMMER, Plaintiff in Error.)

*Opinion filed February 22, 1922.*

1. WORKMEN'S COMPENSATION—*manual training room in a public high school is workshop within meaning of Factory act of 1915.* A manual training room in a township high school, equipped with power-driven machinery, is a workshop within the meaning of the term as used in the act of 1915, (Laws of 1915, p. 418,) for the protection of employees in factories.

2. SAME—*operating manual training department in public high school is an "enterprise."* The business of conducting a township high school with a manual training department is an "enterprise" within the meaning of the Compensation act, and a manual training instructor who is injured while operating a power-driven saw in the course of his employment as such instructor is entitled to compensation from the high school district.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

J. L. MURPHY, for plaintiff in error.

JOHN J. SHERLOCK, and McDOUGALL, CHAPMAN & BAYNE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

William A. Hemmer was a manual training teacher employed by the board of education of High School District No. 502 of Bureau county. He was accidentally injured on March 5, 1915, while engaged in the course of his employment in instructing a pupil in the use of a circular saw in making a drawer. His left hand was drawn in contact with the saw and the first three fingers were injured. He applied for compensation under the Workmen's Compensation act and upon a hearing before an arbitrator an award was made to him. Upon the petition of the board of education the award was reviewed by the Industrial Commission and was set aside for the reason that the school district was not engaged in any business, occupation or enterprise that would automatically place it within the jurisdiction of the commission. The claimant sued out a writ of *certiorari* from the circuit court, but that court quashed the writ, and upon the petition of the claimant a writ of error was awarded to review the proceedings.

Under sections 4 and 5 of the Workmen's Compensation act the school district was an employer and the plaintiff in error was an employee. The only question in dispute is whether the district was subject to the provisions of the Workmen's Compensation act. On the part of the plaintiff in error it is contended that the provisions of the act apply automatically to the school district because it is engaged in an enterprise in which statutory regulations are imposed for the regulating, guarding, use or placing of machinery or appliances for the protection and safeguarding of the employees or the public therein, under subdivision 8 of section 3 of the Workmen's Compensation act.

The defendant in error is a township high school district, which maintains a manual training department conducted in a building separate from the regular school building. It is a two-story building 60 by 100 feet, containing

the heating plant for both buildings as well as the manual training department of the school. About sixty pupils were receiving instruction in manual training. In the department were tools for all kinds of woodwork, including a planing machine, a circular saw, a rip-saw and a hand-saw. The planing machine and the circular and rip-saws were operated by electrical power. The circular saw by which the plaintiff in error was injured was not guarded or protected, though there were proper guards for it in the building.

It is contended that the respondent is brought within the provisions of subdivision 8 by reason of the statutory requirement contained in section 1 of the act of June 29, 1915, which provides "that all power-driven machinery, including all saws, planers, wood-shapers, * * * in any factory, mercantile establishment, mill or workshop, shall be so located wherever possible, as not to be dangerous to employees or shall be properly enclosed, fenced or otherwise protected. All dangerous places in or about mercantile establishments, factories, mills or workshops, near to which any employee is obliged to pass, or to be employed shall, where practicable, be properly enclosed, fenced or otherwise guarded. No machine in any factory, mercantile establishment, mill or workshop, shall be used when the same is known to be dangerously defective, and no repairs shall be made to the active mechanism or operative part of any machine when the machine is in motion." (Laws of 1915, p. 418.)

The manual training room in which these machines and tools were used and operated was a workshop within the ordinary meaning of the term, which is a building or room where any work is carried on, especially a handicraft. The defendant in error contends that the conducting of a manual training school is not an enterprise within the meaning of subdivision 8 of section 3 of the Workmen's Compensation act, and it quotes from *Uphoff* v. *Industrial Board,* 271 Ill. 312, that "it is plain from the use of the word 'en-

terprise' in other subdivisions of said paragraph (*b*) that it was intended to mean a work of some importance that might properly be considered arduous or hazardous." It argues that it would be contrary to common knowledge of the kind of instruction given in such an institution to regard a manual training school as an enterprise of this character.

The business in which the school district was engaged was the conducting of a high school, including, among others, a manual training department. It is not unreasonable to regard such an enterprise as a work of some importance, which might even be regarded as arduous. When in the conduct of that enterprise the employees are required to engage in the handling and operation of machinery so dangerous that the statute requires for the protection of employees that it shall be so guarded and located as not to injure them, it may also be regarded as attended with some degree of hazard. It is a matter of common knowledge and general remark that a buzz-saw is a dangerous thing to deal with.

The defendant in error contends that the statutory regulation does not apply to the manual training department of this school because it is neither a factory, a mercantile establishment, a mill nor a workshop. It has been stated that the room comes within the ordinary meaning of workshop, but it is contended that the statute itself defines workshop in section 29, which provides that "the term 'mill or workshop' shall include any premises, room or apartment not being a factory as above defined, wherein any labor is exercised by way of trade or for the purpose of gain in or incidental to any process of making, altering, preparing, cleaning, repairing, ornamenting, finishing or adapting for sale any article or part of any article, and to which or over which building, premises, room or apartment, the employer of the person employed or working therein has the right of access or control." It is urged that in order to constitute a workshop the labor must be exercised by way of trade

or for the purpose of gain, or as incidental to a process of making certain products for gain. The plaintiff in error was working with the saw for gain. That was a part of his duty, for which he was paid. The article which he was making was not, perhaps, intended for sale. What he was doing was in the course of his duty for the instruction of the pupil. He was doing what he was employed to do for pay, whether it was gainful to his employer or not. The place in which that kind of work was done was a workshop. Section 29, a part of which has been quoted, does not purport to give an exclusive definition of a mill or workshop. It begins with the statement, "The following terms used in this act shall have the following meaning: The term 'factory' means," etc. It does not purport to define mill and workshop separately, but states that the term "mill or workshop" shall include as quoted above. This language does not exclude from the definition of the word "mill" or the definition of the word "workshop" the meanings which they possessed before the enactment of the statute, but, in effect, extends the meanings of the words so as to make them more inclusive than before instead of less inclusive, and by a proviso added to the section excludes a private house or private room in which labor is performed by a family dwelling therein, or by any of them, for the exclusive use of members of the family.

The circuit court erred in quashing the writ of *certiorari*. Its judgment will be reversed and the cause will be remanded, with directions to the circuit court to set aside the decision of the Industrial Commission and remand the cause to the commission, with directions to hear it on the merits.         *Reversed and remanded, with directions.*