(No. 15783.—Judgment affirmed.)

THE ASCHER BROS. AMUSEMENT ENTERPRISES, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN C. BISSEKUMER *et al.* Defendants in Error.)

*Opinion filed February 19, 1924.*

1. EVIDENCE—*incompetent evidence may be received if not objected to.* Incompetent evidence, when not objected to, may be received and given such probative value as it naturally carries.

2. WORKMEN'S COMPENSATION—*in a proceeding for compensation for death, statements made by deceased are not competent.* In a proceeding for compensation for the death of an employee, statements made by the employee in regard to his injury are hearsay and incompetent, but where the record shows no objection made to such statements they will be considered and given their natural probative effect as if they were in law admissible.

3. SAME—*when injury arises out of and in course of employment.* An injury to the head usher of a theatre in striking his leg against a seat while going down the aisle in the performance of his duties arises out of and in the course of his employment.

4. SAME—*when operation of a moving picture theatre is within the Compensation act.* The business of operating a moving picture theatre is within the terms of section 3 of the Compensation act of 1919 where the building in which the theatre is conducted is subject to the provisions of a municipal ordinance requiring the picture machine to comply with certain specifications and to be enclosed in a fireproof booth, such conditions being imposed for the safety of employees and the public.

5. SAME—*where business is extra-hazardous all employees are within the act regardless of their duties.*  All employees engaged in the conduct of a business declared to be extra-hazardous by section 3 of the Compensation act of 1919 are within the terms of the act, regardless of the character of their duties.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

JOHN A. BLOOMINGSTON, for plaintiff in error.

HYER, GILL & RANG, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

John P. Bissekumer died in October, 1920, and his parents filed with the Industrial Commission a claim for compensation against Ascher Bros. Amusement Enterprises, in whose employment he was at the time it was alleged he received the injuries which were the cause of his death.   An award was made in favor of the claimants, which was reviewed and modified by the commission.   Upon *certiorari* the circuit court of Winnebago county entered an order confirming the award of the commission except as to the amount allowed for first aid, medical, hospital and surgical services, which was reduced.   On the petition of the employer a writ of error was awarded to review the record, and the cause is submitted by the plaintiff in error upon two contentions:   (1) That there is no competent evidence in the record to support the award; and (2) that the plaintiff in error was not operating under the provisions of the Workmen's Compensation act.

The plaintiff in error was operating the Midway Theater,—a moving picture theater in the city of Rockford. The deceased was employed as an usher and assistant to the manager of the theater.   His duties were to oversee the ushers and direct the patrons of the theater in the evening, look after the work of advertising, place advertising posters around the theater and in the town, take tickets

in the afternoon, and look after the detail work in general. In March, 1920, he had made a cut-out by pasting large posters on a cardboard to be placed in the lobby as an advertisement. It was a three-sheet cut-out, the size of a sheet being 28 by 41 inches. He was carrying this cut-out through the theater from the rear to the front and in going down the aisle he struck against one of the seats and injured his leg. He continued at work, though he limped somewhat from the injury, and a few weeks later, in going down the aisle in the performance of his duties, he again came in collision with the end of the seat and injured the same leg in the same place. He fell to the floor and suffered a good deal of pain, was finally removed to his home, but in a few days returned to work and continued at work for several weeks. His injury getting worse he was obliged to quit, and an examination by physicians disclosed that he was affected with a malignant tumor. His attending physician testified that in his opinion it was a traumatic sarcoma; that sarcoma is a malignant growth,— a tumor which has a tendency to spread and an inherent tendency to destroy life; that in his opinion a person walking down a theater aisle and bumping his knee against a seat would not ordinarily produce sarcoma, but it is very common, following even the slightest injuries. He testified that the death was primarily due to the sarcoma.

No one saw the first accident. Charles F. House, the manager of the theater, testified that he did not have any conversation with the deceased that day but the deceased told him about the accident shortly after. He was limping around and mentioned that his leg was sore and said that he bumped his leg on a seat in the aisle. The second time he was hurt he was carrying a basket of flowers down the aisle, which was a part of his duties. He told House that he bumped the same sore spot that day. He said that it bumped him the second time and it laid him out and he suffered severe pain and was compelled to lie on the floor

for a while. He complained of pain in his leg and limped around for two or three weeks and then quit working for the theater and went to a hospital. Joseph Smith was employed as an operator at the theater. He did not see the accident when the deceased was injured the first time, but the deceased showed him the injury above the knee and the condition of the leg. At the time of the second accident Smith was standing in the aisle in which the accident happened, about fifteen feet from the deceased, and heard him collide with the seat and saw him fall in the aisle. He ran to him to help him, but the deceased lay there on the floor for possibly an hour. There was no other evidence in regard to the accident.

The abstract of the record shows no objection made to the testimony as to the statements made by the deceased. These statements were hearsay and incompetent, but being received without objection they are to be considered and given their natural probative effect as if they were in law admissible. (*Steel Sales Corporation* v. *Industrial Com.* 293 Ill. 435; *Damon* v. *Carrol,* 163 Mass. 404; *Diaz* v. *United States,* 223 U. S. 442; *Schlemmer* v. *Buffalo, Rochester and Pittsburg Railroad Co.* 205 id. 1.) Incompetent evidence, when not objected to, may be received and given such probative value as it naturally carries. (*People* v. *Waite,* 237 Ill. 164; *Lindquist* v. *Dickson,* 98 Minn. 369.) As to the second accident, it was sufficiently shown by the testimony of Smith, who heard the collision and saw the deceased lying in the aisle, suffering pain. There is no evidence of any obstruction in the aisle or anything which could have caused the injury which the deceased clearly suffered except the seat, against which it is not improbable that he might have come in contact while carrying before him the basket of flowers, which would have a tendency to obstruct his vision. The evidence justifies the conclusion reached that the injury was the result of an accidental collision with the seat and that the injury was re-

ceived by the deceased in the course of and arose out of his employment.

The Midway Theater was a room about 100 feet wide and 140 feet long. It contained 2000 seats and a stage three feet deep, which was used only for the curtain, singers or speakers. The pictures were projected on the screen by a projecting machine through which the film ran in front of an electric arc, which generated heat sufficient to ignite the film when not in motion. The machine was at one end of the room and in accordance with the city ordinance was in a fireproof booth. The booth is made of concrete, with shutters, and is constructed in compliance with the ordinances of the city. This is for the protection of the patrons in the theater from the possible ignition of the film, which is made of celluloid and is inflammable. The ordinance of the city of Rockford provides for inspection by the fire marshal and prohibits the use of moving picture machines in public buildings unless the machine complies with specifications enumerated in the ordinance and unless the machine is placed in a fire-proof booth or enclosure of a certain size and of certain specifications as to material, doors, latches and openings. Section 3 of the Workmen's Compensation act of 1919, which was in force at the time of the occurrence of the injury to the deceased, provides that the provisions of the act shall apply automatically to all employers and their employees engaged in any enterprise in which statutory or municipal ordinance regulations are imposed for the regulating, guarding, use or placing of machinery or appliances or for the protection and safeguarding of the employees or the public therein, and declares that each of such enterprises is extra-hazardous. (Laws of 1919, p. 539.) The business of operating a moving picture theater is clearly within the terms of the ordinance which prohibits the use of moving picture machines in public buildings unless they comply with the specifications enumerated

in the section and unless they are placed in fireproof booths or enclosures of the kind specified in the ordinance. These conditions are imposed for the safety of employees and the public, and the plaintiff in error being engaged in that business, was automatically brought within the terms of the Workmen's Compensation act. Since it was engaged in a business declared extra-hazardous by the act, its employees engaged in the conduct of such extra-hazardous business, regardless of the character of their duties, were all brought within the terms of the act. *Illinois Publishing Co.* v. *Industrial Com.* 299 Ill. 189; *McNaught* v. *Hines,* 300 id. 167; *Porter Co.* v. *Industrial Com.* 301 id. 76.

The judgment is affirmed.

*Judgment affirmed.*