(No. 2575—

DOROTHY C. LYNCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1936.*

WHITTY & McGAH, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 17th day of February, A. D. 1934, claimant was in the employ of the respondent as a stenographer and file clerk in the Automobile License Department of the Secretary of State, located at 120 South Ashland Boulevard, Chicago, Illinois. The office in which she was working was a room approximately 100x80 feet in dimensions

with a 16-foot ceiling. There was a balcony about ten feet above the floor, on which the records were kept. The office was equipped with an electrically-driven paper-cutting machine, which was about three feet high, three feet wide, and three feet deep; an electrically-driven photostatic machine about four or five feet high, two or three feet wide, and about five feet in length; also an electrically-driven multigraphing machine.

There was an iron stairway leading from the main floor to the balcony, which stairway was about three feet wide, and was constructed at an angle of about sixty degrees.

Claimant, in the performance of her work, had certain duties to perform in connection with the aforementioned photostatic machine which was located on the balcony. On the morning of February 17th, 1934 she was carrying some photostatic prints from the balcony to the floor below. In descending the stairway, the heel of one of her shoes caught in one of the stair treads when she about seven feet above the floor, and she fell forward. The side of her body struck the guard rail at the side of said stairway, and she fell head foremost to the terraza floor. She was rendered unconscious and was bleeding from the nose and ears, and was immediately taken to the University Hospital where it was found that she had sustained a basal skull fracture, concussion of the brain, a lacerated mouth, and loosening of the teeth; multiple contusions on both legs; and a severe cut on her left hip. She remained in a semi-conscious condition for a week, and continued at the hospital until April 9th, 1934 under the care of Dr. Karl A. Meyer who continued to treat her after she left the hospital. On December 14th, 1934 she was referred by Dr. Meyer to Dr. Theodore T. Stone, a specialist in diseases of the nervous system, who treated her until April 23d, 1935, at which time he discharged her as much improved. During all of the time from the date of the accident to the date of taking testimony herein, to wit, on June 3d, 1936, she continued to remain under the care of Dr. Meyer, and is still under his care. During the interval between the time she left the hospital and June 3d, 1936, she was also treated by several other physicians.

On August 1st, 1934 she reported back to work, and has continued in the employ of the respondent to this date. Although she has been able to perform only a part of the

duties she previously performed, she has received her wages in full during all of the time from the date of the accident to the date of the hearing herein.

Claimant filed her original complaint herein on January 14th, 1935, setting forth the facts and circumstances connected with the accident, and setting forth also that she has received her salary regularly from the Secretary of State from February 17th, 1934 to October 1st, 1934, in the amount of $800.00. The prayer for relief as set forth in the original petition is as follows:

"Claimant therefore asks for an award in the sum of $3,417.52 *for medical expenses as per bill of particulars attached herewith.*"

The Bill of Particulars sets forth numerous items of medical, surgical, nursing and hospital expenses, together with an estimate of future expenses of the same kind, but does not purport to make any claim for compensation for the injuries sustained by the claimant.

On May 12th, 1936, pursuant to leave of court theretofore had and obtained, claimant filed her amended complaint herein in which she asks for compensation for the injuries sustained by her as aforesaid. Such amended complaint sets forth that inasmuch as claimant has received her salary, no claim is made for temporary disability. She asks, however, for compensation for permanent disability, as well as for medical, surgical and hospital expenses incurred to the date of filing such amended complaint, in the amount of $2,052.62.

If the claimant has any right to an award, it is by virtue of the Workmen's Compensation Act of this State, and the Attorney General has raised the following questions with reference to such right of recovery:

1. Were the claimant and respondent operating under the Workmen's Compensation Act at the time of the accident in question?

2. If so, did the claimant make claim for compensation and file her application for compensation within the time required by Section 24 of the Workmen's Compensation Act?

3. If claimant and respondent were operating under the Compensation Act, and claim for compensation was made, and application for compensation was filed within the time required by such Act, is the claimant entitled at this time to compensation for the injuries so sustained by her?

The questions raised by the Attorney General will be considered in the order above set forth.

## I.

*Were the claimant and respondent operating under the provisions of the Workmen's Compensation Act at the time of the accident in question?*

The answer to this question depends upon whether the respondent at the time of the accident was engaged in an extra-hazardous business or enterprise within the meaning of those words as used in Section Three of the Compensation Act. Section Three of such Act states that the provisions of the Act shall apply automatically "to all employers and all their employees engaged in any department of the following enterprises or businesses which are declared to be extra-hazardous, namely:" * * *

"7½. Any enterprise in which sharp-edged cutting tools, grinders implements are used", etc. * * *

"8. Any enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, use or the placing of machinery or appliances or for the protection and safeguarding of the employees or the public therein * * * each of which occupations, enterprises or businesses are hereby declared to be extra-hazardous", etc.

It appears from the record that the office of the respondent in which claimant was working at the time of the accident was equipped with an electrically-driven paper-cutting machine; an electrically-driven photostatic machine; and an electrically-driven multigraphing machine; that such machines were subject to municipal ordinance regulation, to wit, the provisions of the Electrical Code of the City of Chicago with reference to the installation, alteration, use and inspection of electrical equipment; and were also subject to statutory regulation, to wit, the provisions of the Health, Safety and Comfort Act of this State (Hurd's Revised Statutes, 1933, Ch. 48, Par. 103, Sec. 1). The record also shows that the paper-cutting machine is equipped with a knife or blade thirty inches in length.

In the case of *Hahnemann Hospital* vs. *Ind. Com.*, 282 Ill. 316, it was held that the respondent was engaged in an extra-

hazardous business or enterprise on account of the fact that the building in which the hospital was conducted was subject to municipal ordinance regulation with reference to the inspection of the building, and the boilers and electric wiring therein.

In the case of *Board of Education* vs. *Ind. Com.*, 298 Ill. 61, it was held that a school district was engaged in an extrahazardous enterprise on account of the fact that the school building (a two-story structure) was heated by a steam boiler, which was subject to municipal ordinance regulation. In that case the employee was a janitor who was injured while washing windows.

In the case of *Board of Education* vs. *Ind. Com.*, 301 Ill. 611, it was held that a high school district which was conducting a manual training department was engaged in an extrahazardous business or enterprise on account of the fact that some of the machinery in the manual training school was subject to statutory regulation for the protection of the public, to wit, the provisions of the aforementioned Health, Safety and Comfort Act.

In the case of *Ascher Bros.* vs. *Ind. Com.*, 311 Ill. 258, it was held that a moving picture theatre was an extra-hazardous business or enterprise on account of the fact that the projecting machine in use at the theatre was subject to municipal ordinance regulation for the protection of employees and the public. In that case the employee was an usher who was injured by striking his leg against a seat.

In the case of *Forest Preserve District* vs. *Ind. Com.*, 357 Ill. 389, it was held that the Forest Preserve District was engaged in an extra-hazardous business or enterprise because, in the work of maintaining such district, picks, shovels, axes, and other sharp-edged tools were used in connection with the work.

The record herein clearly shows that the enterprise in which the claimant was engaged at 120 South Ashland Boulevard as aforesaid was an enterprise in which statutory or municipal ordinance regulations are imposed for the protection and safeguarding of employees or the public therein, and in which sharp-edged cutting tools or implements are used.

It appears, therefore, that the enterprise in which claimant was employed at the time of the accident in question was

an extra-hazardous enterprise within the meaning of those words as used in Section Three of the Act.

Such enterprise in question being extra-hazardous, every employee of the respondent engaged therein, regardless of the nature of the duties of such employee, is brought within the terms of the Act. *Ascher Bros.* vs. *Ind. Com.*, 311 Ill. 258; *Illinois Publishing and Printing Co.* vs. *Ind. Com.*, 299 Ill. 189; *Porter* vs. *Ind. Com.*, 301 Ill. 76; *Stevens* vs. *Ind. Com.*, 346 Ill. 495; *Forest Preserve District* vs. *Ind. Com.*, 346 Ill. 389.

Angerstein, in his work *"The Employer and the Workmen's Compensation Act"*, in referring to this question, says (p. 36):

"There is no doubt that the rule has been established in this State by the Supreme Court's decision that where the employer's business or enterprise is under the Compensation Act, then all employees of such employer in any department of such business or enterprise are under the Act."

We therefore conclude that the claimant and respondent at the time of the accident were operating under and bound by the provisions of the Workmen's Compensation Act.

## II.

*Did the claimant make claim for compensation and file her application for compensation within the time required by Section twenty-four of the Workmen's Compensation Act?*

Section 24 of the Workmen's Compensation Act provides that "no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident; provided that, in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

There is no question but what notice of the accident was given as required by said Section 24. There is some testimony in the record with reference to claim for compensation having been made, but no application for compensation was filed within one year as required by said Section 24. The only application filed by the claimant within the time required by the Act was the original application herein, which was filed

on January 14th, 1935. Such application by the terms thereof, specifically asks for an award "in the sum of $3,417.52 *for medical expenses as per Bill of Particulars attached herewith.*" The Bill of Particulars contains an itemized statement showing different items of charges for medical, surgical, nursing and hospital services, but makes no claim whatsoever for compensation for the injuries sustained.

On May 12th, 1936 claimant filed her amended complaint herein in which she makes claim for compensation as well as for medical, surgical and hospital expenses. The only *application for compensation* which was filed by the claimant, therefore, was filed on May 12th, 1936, which was over two years after the date of the injury. There is nothing in the record to show that any compensation was paid to the claimant and consequently there is nothing to show compliance with Section 24 of the Act. The original complaint herein sets forth that claimant had been paid her salary in full by the Secretary of State from the date of the accident to October 1st, 1934, and apparently that was the reason no claim for compensation was then made. Our Supreme Court has held in numerous cases that compliance with the aforementioned requirements of Section 24 of the Workmen's Compensation Act is jurisdictional. *Haiselden* vs. *Ind. Com.*, 275 Ill. 114; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *Chicago Board of Underwriters* vs. *Ind. Com.*, 322 Ill. 511; *Duquoin School District* vs. *Ind. Com.*, 329 Ill. 543; *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386.

The filing of the original complaint herein was not in compliance with the requirements of Section 24, for the reason that such complaint was for medical, surgical, nursing and hospital services only, and did not ask for compensation for the injuries sustained by the claimant. Section 8 of the Compensation Act provides that the furnishing of medical, surgical and hospital services by the employer shall not be construed as the payment of compensation. If the furnishing of such services cannot be considered as compensation, surely claim for payment for such services cannot be considered as a claim for compensation.

Application for compensation not having been filed within the time required by Section 24 of the Act, we have no jurisdiction to allow an award therefor.

However, we have heretofore held that inasmuch as Section 8 of the Act provides that the furnishing by the employer of medical, surgical or hospital services shall not be construed as the payment of compensation, the requirements of Section 24 do not apply to cases within the Act which have reference only to claims for medical, surgical or hospital services as distinguished from claims for compensation for injuries. *Lester Wolfe* vs. *State*, 8 C. C. R. 333; *I. L. Elmendorf* vs. *State*, 8 C. C. R. 548; *Dick Taden* vs. *State*, No. 2843, decided at the June, 1936, term of this court.

Under Section 8 of the Compensation Act, the employer is required to provide the necessary first aid, medical and surgical services and all necessary medical, surgical and hospital services thereafter, limited however, to that which is reasonably required to cure or relieve from the effects of the injury.

The respondent having failed to furnish the necessary first aid, medical, surgical and hospital services, the claimant was authorized to procure the same, and the reasonable cost and expense thereof is a legitimate charge against the respondent.

It appears from the record that the claimant was very seriously injured and that she has incurred medical, surgical and hospital bills to a large amount in being cured of the effects of the injury, and that she is still under the care of Dr. Meyer therefor. The record shows that the expenses incurred by the claimant in this behalf, to the date of the hearing herein, to wit, June 3d, 1936, are as follows:

| | | |
|---|---|---:|
| Miss Gertrude Kidder, professional nurse, 51 days | | $408.00 |
| Miss Johnson, professional nurse, 2 nights | | 12.00 |
| University Hospital: | | |
| Hospital room fee, February 17 to April 9, 1934 | $357.00 | |
| Nurses' board from February 17 to April | 104.00 | |
| Skull and pelvis examination on February 17, 1934 | 25.00 | |
| Laboratory fees | 6.00 | |
| Prescriptions | 6.97 | |
| Telephones | 2.20 | |
| | | 501.17 |
| Dow Optical Company, one pair glasses | | 17.35 |
| Dr. L. C. Hoffman, professional services | | 10.00 |
| Dr. Ambrose C. Brown, D.D.S., professional services | | 250.00 |
| Dr. W. T. Carlisle, professional services | | 9.00 |
| Dr. Scupham, professional services | | 10.00 |
| Dr. Karl Meyers, professional services | | 531.00 |

| | |
|---|---:|
| Dr. Francis Gerty, professional services | 25.00 |
| Dr. Theodore T. Stone, professional services | 150.00 |
| W. E. Barnes & Sons, Druggists; medicine etc. | 12.10 |
| Dr. Nathaniel H. Adams, professional services | 5.00 |
| Dr. James P. Fitzgerald, professional services | 10.00 |
| Total | $1,950.62 |

There is nothing in the record which indicates that any of such bills are unreasonable.

In view of the conclusion we have reached, it is unnecessary to discuss the third point raised by the Attorney General.

An award is therefore entered in favor of the claimant for the use of the persons hereinafter set forth, and in the following amounts, to wit:

| | |
|---|---:|
| Dorothy C. Lynch, for use of Gertrude Kidder | $ 408.00 |
| Dorothy C. Lynch, for use of Miss Johnson | 12.00 |
| Dorothy C. Lynch, for use of University Hospital | 501.17 |
| Dorothy C. Lynch, for use of Dow Optical Company | 17.35 |
| Dorothy C. Lynch, for use of Dr. L. C. Hoffman | 10.00 |
| Dorothy C. Lynch, for use of Dr. Ambrose C. Brown | 250.00 |
| Dorothy C. Lynch, for use of Dr. W. T. Carlisle | 9.00 |
| Dorothy C. Lynch, for use of Dr. Scupham | 10.00 |
| Dorothy C. Lynch, for use of Dr. Karl Meyer | 531.00 |
| Dorothy C. Lynch, for use of Dr. Francis Gerty | 25.00 |
| Dorothy C. Lynch, for use of Dr. Theodore T. Stone | 150.00 |
| Dorothy C. Lynch, for use of W. E. Barnes and Sons | 12.10 |
| Dorothy C. Lynch, for use of Dr. Nathaniel H. Adams | 5.00 |
| Dorothy C. Lynch, for use of Dr. James P. Fitzgerald | 10.00 |

The evidence shows that claimant's condition is gradually improving, and that she is still under the care of Dr. Meyer. It is therefore ordered that the court retain jurisdiction of this case and that the same be continued generally for the purpose of making such other or further orders herein with reference to such future medical, surgical or hospital services, if any, as may be reasonably required to cure or relieve from the effects of the injury;—in accordance with the provisions of the Workmen's Compensation Act of this State.