(No. 3576—

HULDA PENNINGER, ALSO KNOWN AS HULDA NEATHAMER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1942.*

JOSEPH W. KOUCKY, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

On December 2nd, 1940, the claimant, Hulda Penninger, also known as Hulda Neathamer, was employed as an attendant at the Chicago State Hospital, a public institution, owned and operated by the State of Illinois under the direction of the Department of Public Welfare. The hospital operates motor-driven vehicles such as laundry trucks and food trucks, and contains and operates motor-driven machinery such as mangles and washing machines. While going to the schedule board of the institution to ascertain her assignment for the day, claimant tripped, fell, and injured her left wrist. She was furnished necessary first aid by the respondent, and thereafter elected to employ her own physician.

Claimant was totally disabled for a period of twelve weeks, from the date of the accident until March 3rd, 1941, but she received one month's pay while so incapacitated. Her earnings at the time of the accident were $68.25 per month, her average annual earnings for the year preceding said accident were $819.00, and her average weekly wage was $15.75. Notice of the accident and claim for compensation were made within the time provided by the Workmen's Compensation Act.

Claimant testified that as a result of the accident she cannot turn over her arm and left hand, cannot bend back her hand and arm, and cannot close her fingers. Dr. Albert C. Field, a witness called on behalf of the claimant, testified that there is a deviation of the band in claimant's forearm due to shortening of the radius, a backward displacement of the lower fragment, and an anterior displacement of the upper fragment; that on passive motion there is about fifteen degrees of flexion, a limitation of about eighty-five degrees; that her hand is held in a deformed semi-flexed position, about fifteen or twenty degrees less than the normal range; that the extension is practically nil; that there is about eighty-five per cent normal length of motion on eversion and inversion; and that there is some atrophy of the thenal and hypothenal eminence. Dr. Field further stated that the claimant's condition is permanent, and that in his opinion she has an eighty-five per cent loss of use of her hand.

Dr. Louis Olsman, called on behalf of the respondent, testified that claimant's deformity was permanent, and stated that he agreed with the testimony of Dr. Field as to the total amount of disability and loss of function within ten per cent either way.

Under Section 3 of the Workmen's Compensation Act, the provisions of that Act apply automatically to the State when it is engaged in any of the enterprises therein enumerated, and which are declared to be extra-hazardous. From the testimony in this case, it appears that the State, in the operation of the Chicago State Hospital, is engaged in such an extra-hazardous enterprise. *Miele* vs. *State of Illinois*, 9 C. C. R. 170; *Lynch* vs. *State of Illinois*, 9 C. C. R. 290. The enterprise being extra-hazardous, all employees of the institution come within the provisions of the Act, irrespective of whether or not they themselves are directly exposed to the

hazard. *Ascher Bros.* vs. *Industrial Commission,* 311 Ill. 258; *Illinois Publishing Company* vs. *Industrial Commission,* 299 Ill. 189. At the time of the injury in question, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State.

The court, therefore, upon a consideration of the entire record, finds that the claimant, having suffered an accidental injury which arose out of and in the course of her employment, is entitled to have and receive from the respondent the following sums, to-wit:

(1)  $8.66 per week for twelve weeks, that being the period of temporary total disability, or the sum of $103.92.

(2)  The further sum of $8.66 per week for 127½ weeks, to-wit: $1,104.15 for the permanent loss of seventy-five per cent of the use of her left hand.

(3)  Or total compensation in the amount of $1,208.07, from which must be deducted the sum of $68.25, heretofore paid to the claimant, leaving a balance of $1,139.82.

Award is therefore entered in favor of the claimant for the said sum of $1,139.82, payable as follows, to-wit:

(1)  The sum of $502.28, compensation for a period of fifty-eight weeks accrued to January 13, 1942, is payable forthwith.

(2)  The balance of said award, to-wit: the sum of $637.54 is payable in seventy-three weekly installments of $8.66 each, commencing January 20, 1942, and one final installment of $5.36.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.