(No. 3620— )

EVA GREEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

L. ALLAN WATT, for claimant.

George F. Barrett, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Eckert, J.

Eva Green, the claimant, has been continuously employed as an attendant at the Jacksonville State Hospital, a public institution owned and operated by the State of Illinois under the direction of the Department of Public Welfare since October, 1934. The institution has its own electric generating plant, its own water plant, operates mechanical machinery including sharp cutting tools, jig saws, mechanical planers, mechanical meat grinders and slicers, and uses numerous machines in connection with its laundry.

On August 28, 1940, claimant was directed to make a search for a patient who had escaped from the hospital grounds. While riding with her superior in an automobile driven by an employee of the hospital, and while searching for the escaped patient, the automobile in which claimant was riding collided with another automobile, and claimant received a fractured skull, a brain concussion, two fractured ribs, and body bruises. She was taken to the hospital of the institution where she remained a patient until September 29, 1940. For several months thereafter she suffered severe headaches and was unable to keep any food on her stomach. This condition, however, gradually improved, and she was able to return to work on August 1st, 1941. The medical testimony clearly establishes the fact that claimant's incapacity was a result of injury received in this accident. There was no permanent injury.

Claimant's earnings at the time of the accident were $63.00 per month and maintenance of the value of $24.00 per month, or a total of $87.00, and her earnings for the year preceding the accident were $1,044.00, or an average weekly wage of $20.08, and a weekly compensation rate of $10.04. She has

incurred the following bills for necessary medical attention: Dr. J. Y. Burbank, $54.00; Dr. Harold S. Bowman, $9.00, of which claimant has paid $7.00; and Dr. Garm Norbury, $10.00. These charges are reasonable for the services rendered. She received pay for non-productive work from August 28, 1940, to October 1, 1940, in the amount of $69.09.

Under Section 3 of the Workmen's Compensation Act, the provisions of that Act apply automatically to the State when it is engaged in any of the enterprises therein enumerated and which are declared to be extra-hazardous. The State, in the operation of the Jacksonville State Hospital, is engaged in such an extra-hazardous enterprise. *Miele* vs. *State of Illinois,* 9 C. C. R. 170; *Lynch* vs. *State of Illinois,* 9 C. C. R. 290. The enterprise being extra-hazardous, all employees of the institution come within the provisions of the Act irrespective of whether or not they themselves are directly exposed to the hazard. *Ascher Bros.* vs. *Industrial Commission,* 311 Ill. 258; *Illinois Publishing Company* vs. *Industrial Commission,* 299 Ill. 189. At the time of the injury the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and it is clear that the accident arose out of and in the course of claimant's employment.

Claimant is therefore entitled to have and receive from the respondent the following sums, to-wit:

(1) The sum of $54.00 for the use of Dr. J. Y. Burbank for and on account of medical services.

(2) The sum of $2.00 for the use of Dr. Harold S. Bowman for and on account of medical services.

(3) The sum of $10.00 for the use of Dr. Garm Norbury for and on account of medical services.

(4) The sum of $7.00 reimbursement for moneys expended for medical attention, Dr. Bowman.

(5) The sum of $10.04 per week for a period of 48 1/7 weeks, or the sum of $483.35; since this injury occurred subsequent to July 1st, 1939, the award must be increased ten per cent or $48.34, making a total of $531.69; from this latter amount must be deducted the sum of $69.09 heretofore paid to claimant, leaving a balance of $462.60.

Award is therefore entered in favor of the claimant for the sum of $535.60, all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30th, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.