### A. B. Hoblit, Adm'r, v. City of Bloomington.

1.  MEASURE OF DAMAGES—*For Failure to Pay a Debt.*—Ordinarily, if not always, the measure of damages for retaining money or failing to pay a debt, is the interest thereon.   What the creditor might have made by the use of the money in trade is purely a matter of speculation and can not be regarded, and attorney's fees are not allowable except in those special cases where the statute so provides.

2.  INTEREST—"*Unreasonable and Vexatious Delay.*"—It is not fairly to be inferred from the declaration in this case that the defendant did more than delay payment until its liability was established by law, or that in this there was any bad faith or evil design.   This is not "unreasonable or vexatious delay," within the statute.

3.  SAME—*Should be Claimed in Suit for Principal.*—Whatever be the right of plaintiff to interest, he should have claimed it in the suit for the principal debt, and having failed to do so no reason is perceived why he should be permitted to do so now and thus split his cause of action.

**Trespass on the Case,** for breach of a statutory duty.   Appeal from the Circuit Court of McLean County; the Hon. THOS. F. TIPTON, Judge presiding.   Heard in this court at the November term, 1896.   Affirmed. Opinion filed June 16, 1897.

A. E. DEMANGE, attorney for appellant.

JACOB P. LINDLEY, city attorney, for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The question is as to the declaration filed by plaintiff, to which the Circuit Court sustained a general demurrer.   In effect, the demand upon which the plaintiff sought to recover was that the city, having in its treasury a sum of money accruing from a special assessment, to which the plaintiff's intestate was entitled, had withheld payment thereof until coerced by legal proceedings, and that by reason of the

delay and expense of such proceedings plaintiff was damaged in being deprived of the use of the money and of great gains and profits (from the use of the same presumably, though not so in terms averred), and the expense of counsel.

The pleading is to be construed most strongly against the pleader, and it is to be inferred that there was a controversy as to whether the plaintiff was entitled to the money, which was settled by legal proceedings in favor of the plaintiff.

There is no averment of fraud, deceit or any misconduct by the defendant beyond what may be implied in any case when a demand is disputed until a legal adjudication can be obtained.

It is familiar, in this State, that counsel fees are not allowable as costs except in those special cases where the statute so provides. Ordinarily, if not always, the measure of damages for retaining money, or failing to pay a debt, is the interest thereon. What the creditor might have made by the use of the money in trade is purely a matter of speculation and can not be regarded.

It was held in City of Pekin v. Reynolds, 31 Ill. 529, that a city is not within the statute relating to interest, and is not liable for interest upon its contract unless by agreement. Whether the reasoning there would apply when interest is claimed because of unreasonable and vexatious delay of payment, or as a mode of fixing damages for tortious breach of duty, need not be considered.

As already stated, it is not fairly to be inferred from what is alleged that the defendant did more than to delay payment until its liability was established by law, nor that in this there was bad faith or any evil design. This is not "unreasonable and vexatious delay," within the statute (Sammis v. Clark, 13 Ill. 544), nor can it be regarded as a tort. Moreover, whatever was the right of plaintiff to interest it might have been recovered in the proceedings referred to as part and parcel of that demand, and no reason is perceived why he should be permitted to split his cause of action.

The demurrer was properly sustained. Affirmed.