THE PEOPLE *ex rel.* J. August Horberg, County Treasurer, Appellant, *vs.* HATTIE N. WAITE, Appellee.

*Opinion filed December 15, 1908.*

1. APPEALS AND ERRORS—*when sufficiency of evidence cannot be inquired into.* The sufficiency of the evidence to support the judgment of the county court in sustaining objections to an application for judgment and order of sale for taxes cannot be inquired into by the Supreme Court where no exception is preserved to the finding and judgment of the court.

2. SAME—*when rulings on admission of evidence are open to review.* On appeal from a judgment sustaining objections to an application for judgment and order of sale for taxes, if exceptions

to the admission of evidence are preserved in the bill of exceptions the rulings of the court in admitting evidence, so far as they are assigned for error, are properly preserved for review though no exception was preserved to the finding and judgment of the court.

3. EVIDENCE—*when it is not error to admit order of drainage commissioners confirming classification.* In support of an objection that a drainage classification was confirmed without notice to the objector, it is not error to admit in evidence the order of the commissioners confirming the classification and containing a recital of the notice given on the hearing of the classification, where the objection to its admission is general and not upon the ground that the order was secondary evidence and that the notice itself should have been offered.

APPEAL from the County Court of Henry county; the Hon. ALBERT E. BERGLAND, Judge, presiding.

HENRY WATERMAN, and GEORGE S. SKINNER, for appellant.

GEORGE W. & JOSEPH L. SHAW, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from the judgment of the county court sustaining objections to an application for judgment of sale of certain real estate for an assessment levied thereon by the commissioners of Green River Special Drainage District. The district was organized under the Farm Drainage act. Five objections were filed to the assessment, of which the second was overruled and the other four were sustained. The first of these was, that due notice was not given to the objector of the hearing by the commissioners of objections to the classification of her lands. No exception is preserved to the finding and judgment of the court. The sufficiency of the evidence to support the judgment can not, therefore, be inquired into. *Climax Tag Co.* v. *American Tag Co.* 234 Ill. 179; *People* v. *O'Gara Coal Co.* 231 id. 172.

The assignments of error question the action of the county court in sustaining the first, fourth and fifth objections and in admitting improper evidence in support of the fourth objection. The only exceptions preserved in the bill of exceptions are to the admission of evidence. The rulings of the court on the admission of evidence are therefore properly preserved for review so far as they have been assigned for error. *Climax Tag Co.* v. *American Tag Co. supra.*

No assignment of error is made as to the admission of evidence, except evidence admitted in support of the fourth objection. In his reply brief, however, the appellant says: "While the first objection presented a proper question of fact for the consideration of the court, no competent evidence was introduced in support of the same. The order of the commissioners correcting and confirming the classification, containing a recital of the notice given of the hearing on the classification, was admitted in evidence over objections and an exception duly noted. This evidence was not competent. The notice itself should have been offered." No objection was made to the admission of the order of confirmation on the ground that it was secondary evidence. The objection was general, and it was not error to overrule it. No other exception is preserved in connection with the first objection. Whether the court erred in sustaining it depends upon an examination of the evidence, and the absence of an exception to the finding and judgment of the court precludes such examination. No error is shown in sustaining the first objection. It is unnecessary to inquire into the others.

The judgment is affirmed.        *Judgment affirmed.*