THE AMERICAN ART WORKS, Defendant in Error, *vs.* THE CHICAGO PICTURE FRAME WORKS, Plaintiff in Error.

*Opinion filed October 16, 1914.*

1. CORPORATIONS—*the act of May 18, 1905, does not apply to foreign corporation engaged in inter-State commerce.* The act of May 18, 1905, (Laws of 1905, p. 124,) section 6 of which requires compliance by foreign corporations with the provisions of the act as a condition precedent to the right to bring suit in the courts of Illinois does not apply to a foreign corporation engaged only in inter-State commerce.

2. SAME—*when foreign corporation may bring suit in Illinois.* A foreign corporation which has not been transacting business in Illinois in violation of the act of May 18, 1905, is not required to comply with the provisions of such act before it can bring suit in the courts of Illinois.

3. APPEALS AND ERRORS—*court must refuse to direct verdict if evidence is in conflict.* Upon a motion to direct a verdict for the defendant upon the ground that the plaintiff foreign corporation has been transacting business in Illinois in violation of the statute the court can consider only the evidence favorable to the plaintiff, and if such evidence is that it has .not been so transacting business in Illinois the court must refuse to direct the verdict, notwithstanding the evidence to the contrary.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. PERRY L. PERSONS, Judge, presiding.

A. D. GASH, for plaintiff in error.

BAKER & HOLDER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The American Art Works sued the Chicago Picture Frame Works in the municipal court of Chicago and recovered a judgment, which the Appellate Court affirmed. By a writ of *certiorari* the record has been brought up for review.

The defendant in error is a corporation of the State of New Jersey, having its factory and principal office in Coshocton, Ohio, and has not obtained a license to do business in this State. The only question argued is the authority of the defendant in error to maintain the suit. The question was raised by a motion for an instruction directing the jury to find the issues for the defendant. The act of May 18, 1905, upon section 6 of which the defense is based, does not apply to foreign corporations engaged in inter-State commerce. (*Lehigh Cement Co.* v. *McLean,* 245 Ill. 326.) A foreign corporation which has not been transacting business in Illinois in violation of that act is not required to comply with its provisions before it can sue in the State courts. (*Alpena Cement Co.* v. *Jenkins & Reynolds Co.* 244 Ill. 354; *Lehigh Cement Co.* v. *McLean, supra.*) On a motion to direct a verdict the court regards only the evidence favorable to the party against whom the motion is directed. Whether the defendant in error was engaged in business other than inter-State commerce was a question of fact upon which there was some conflict in the evidence. There was evidence tending to show that the only business the defendant in error ever did in Illinois was the soliciting of orders for the manufacture of its goods in Coshocton, Ohio, and their delivery there on cars for the purchasers in Illinois; that such orders were forwarded to Coshocton for acceptance or rejection by the defendant in error there; that all collections of accounts were made from the office in Coshocton and all payments were made to the defendant in error there; that an office was maintained in Chicago, but that all the expenses, including the rent, telephone and other items, were paid out of the salesmen's commissions, or if paid by the defendant in error were charged against such commissions. There was also evidence at variance with this, but we cannot regard the contradictory evidence. Questions of fact are settled by the verdict of the jury and the judgment of the Appel-

late Court. The plaintiff in error insists that the testimony of the defendant in error's vice-president was false, and that the Appellate Court erred in following his statement instead of relying upon the written contract between the defendant in error and its agent, which was introduced in evidence. The court could look only at the evidence favorable to the defendant in error and resolve all doubts in its favor. Whether testimony is true or false cannot be determined on a motion to direct a verdict. Since there was evidence on both sides of the issue the court did not err in refusing to direct the verdict.      *Judgment affirmed.*