**Jack Mandell, d/b/a State Roofing and Siding Co., Appellee, v. Ernest L. Miller, Appellant.**

**Gen. No. 11,060.**

Second District, First Division.

September 12, 1957.

Released for publication September 30, 1957.

Harold R. Nettles, of Freeport, for appellant.

Russell J. Goldman and Harold Stern, both of Rockford (Harold Stern, of counsel) for appellee.

JUSTICE SPIVEY delivered the opinion of the court.

This is an appeal from the County Court of Ogle county granting judgment for plaintiff notwithstanding a verdict of the jury in favor of the defendant. Plaintiff, the operator of a roofing and siding business, brought an action alleging a contract with the defendant, home owner, wherein the defendant was said to have agreed to pay $1,600 to have his farm home covered with aluminum siding. The defendant denied the contract and as an affirmative defense to the complaint alleged; that he advised the plaintiff before the installation of any siding on the house that a foreclosure suit to foreclose a mortgage in favor of the Lutheran Brotherhood was pending; that after the foreclosure sale the plaintiff agreed to look to the purchaser at the foreclosure sale if the defendant failed to redeem; that plaintiff had filed a mechanics' lien and had taken no further action; and that he, the defendant, had advised the plaintiff that L. E. Lazavus was the purchaser at the foreclosure sale and was the person to whom the plaintiff should look for payment. Plaintiff in his reply to the defense admitted that he had filed a mechanics' lien and admitted that he had taken no further action to foreclose the lien but denied all the other affirmative matter.

Plaintiff's case was founded upon a contract which was signed by the defendant and provided in addition to the terms of the job, that the instrument was the exclusive agreement between the parties, verbal or otherwise. This instrument was admitted in evidence and according to the terms, required the defendant to pay $153.30 in "quarterly successive monthly installments."

Defendant when called by the plaintiff as an adverse witness testified that the contract was only to be effective in the event the loan for which he applied went through. An application for a property improvement loan taken by the plaintiff from the defendant was

offered in evidence by the plaintiff, and showed among other things that the defendant listed a mortgage in favor of the Lutheran Brotherhood as one of his obligations, and that at the time the application was signed he was $1,450 in arrears on the mortgage. The defendant was unable to secure the loan for the improvement, and no part of the $1,600 was paid by the defendant.

Plaintiff testified that he had several conversations with the defendant about payment and stated that the defendant agreed to pay the full price on several occasions. Further, plaintiff contended that he had no knowledge of the mortgage foreclosure sale until advised by the defendant in 1956 and denied that he agreed to look to the purchaser at the foreclosure sale, if the defendant failed to redeem. The foreclosure sale was held on December 29, 1954, which was the date that plaintiff completed the job on the home.

It was contended by the defendant that when the contract and loan application were signed, plaintiff's agent, who did not testify, stated that if the loan went through, they would put the siding on. A few days after the signing, however, work was started even though no report on the loan application was received. According to defendant's testimony, the plaintiff came to defendant's home before the work was completed and advised that the loan had been refused because of the mortgage to the Lutheran Brotherhood. The plaintiff was said to have known about the foreclosure suit and advised the defendant that if he lost the farm, the plaintiff would collect from the purchaser. In defendant's last conversation with the plaintiff, plaintiff was said to have stated that he was secure with his mechanics' lien. The defendant denied making any promise to pay unless it was conditional upon his securing a loan. Defendant's testimony was corroborated to some extent by his wife who testified that she was present

during some of the conversations with the plaintiff or his agent.

A verdict of not guilty for the defendant was returned by the jury and judgment was entered thereon. Subsequently, plaintiff filed his post trial motion wherein he asserted: that the verdict was contrary to the manifest weight of the evidence; that the verdict evinced passion and prejudice on the part of the jury; and that evidence of an oral contract was contrary to the parol evidence rule and incompetent and irrelevant.

Plaintiff requested a judgment notwithstanding the verdict or in the alternative, a new trial. The court granted judgment notwithstanding the verdict but did not rule upon plaintiff's requested new trial. Thereafter, defendant filed a timely post trial motion requesting judgment on the verdict, or in the alternative, a new trial, and this motion was denied. From the judgment notwithstanding the verdict, the defendant appeals, contending that the action of the court in granting plaintiff's post trial motion was contrary to law and that there was evidence with its intendments most favorable to the defendant, upon which the verdict of the jury could be founded. Defendant also contends that the plaintiff waived any objection to incompetent evidence by failing to make timely objections. It is also urged that the trial court erred in failing to rule conditionally upon the portion of plaintiff's motion requesting a new trial.

■ We have carefully searched the record and fail to find any objection lodged by the plaintiff to the admission of the alleged incompetent evidence. Also we find nothing in the record which would be of an inflammatory nature so as to have prejudiced this plaintiff. Even if there were such incompetent evidence in the record, the plaintiff must be held to have

waived the objections by failing to make proper and timely objections.

In People v. Trefonas, 9 Ill.2d 92 it was stated,

"The function of the objection is, first, to signify there is an issue of law, and, secondly, to give notice of the terms of the issue. An objection to the admission of evidence, to be available, must be made in apt time, or it will be regarded as waived. The general rule is that the admission of incompetent evidence must be objected to, if at all, at the time of its admission. Objections to evidence should designate the particular testimony considered objectionable and point out the objectionable features complained of. Failure to make proper and timely objection to the admission of evidence claimed to be incompetent or otherwise objectionable or to move to strike it out after its admission, giving specific reason for the objection or motion to strike out such evidence generally constitutes a waiver of the right to object and cures the error, if any. Likewise, objection to the admission of other secondary evidence or the contents of a written instrument or record is waived by failure to object that it it is not the best evidence. A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial."

This same point was raised in Ascher Bros. v. Industrial Com., 311 Ill. 258, and there the court stated,

"The abstract of the record shows no objection made to the testimony as to the statements made by the deceased. These statements were hearsay and incompetent, but being received without objection they are to be considered and given their natural probative effect as if they were in law admissible. (Steel Sales Corp. v. Industrial Com., 293 Ill. 435; Damon v. Carroll, 163 Mass. 404; Diaz v. United States, 223 U. S. 442; Schlemmer v. Buffalo, Rochester and Pittsburg Rail-

road Co., 205 id. 1.) Incompetent evidence, when not objected to, may be received and given such probative value as it naturally carries. (People v. Waite, 237 Ill. 164; Lindquist v. Dickson, 98 Minn. 369.)"

The conclusion that we must reach on this point, then, is that the evidence should be considered in determining the propriety of the trial court's ruling on plaintiff's motion for judgment notwithstanding the verdict. If the evidence, even though alleged to be incompetent with its intendments most favorable to the defendant, tended to prove the defendant's case, then the court erred in granting plaintiff's post trial motion.

 While the evidence of the oral agreement to vary the terms of the written agreement would clearly be incompetent under the parol evidence rule, the evidence incompetent for one purpose may be competent for another purpose. Under the pleadings, the issues developed were whether there was a contract in existence or whether the parties had substituted a new agreement for the original contract signed. Defendant denied the execution of the contract and so under the general denial of the contract and the defense pleaded, evidence that the contract was conditional upon securing a loan to pay for the improvement, and evidence of the substitution of a new agreement to look to the purchasers at the foreclosure sale, rather than the defendant, would not vary the terms of the original contract, but rather would establish that there was a conditional or new contract. Defendant's evidence tended to indicate that there was an agreement between the parties to the effect that the plaintiff would look to the purchaser at the sale if defendant did not redeem. With reference to this defense, the offered evidence was not incompetent by reason of the parol evidence rule for the evidence did not seek to vary the terms of a written agreement but constituted some evidence

that there had been a new agreement substituted for the original agreement. Too, the evidence of the defendant tended to show that the contract executed by the defendant was conditional upon defendant securing a loan. In this regard the evidence was competent to show that there was only a conditional contract.

Defendant pleaded the substitution of the parol agreement for the written contract and denied generally the existence of the written contract. With the record in that state it was incumbent upon the plaintiff to prove that the written contract was the agreement between the parties. The contract was upon a form of the plaintiff. Upon examination there are patent ambiguities and so resort to extrinsic evidence would be necessary to determine certain essential elements. The effective date of the instrument, one of the crucial issues in this case, cannot be determined from the writing itself. All terms with reference to time and payment, except the gross price for the work and the fact that the sum was "payable . . . in quarterly successive monthly installments of $153.30," have been omitted. The provisions in the contract relating to the date of the first payment as well as the down payment, and the amount to be collected upon completion of the work are blank.

In Slape v. Fortner, 3 Ill.App.2d 339, it was said,

"There are few reported cases dealing with the effect of blanks in a written agreement. In 17 C. J. S., Contracts, sec. 65, it is said, 'A writing is incomplete as an agreement where blanks as to essential matters are left in it, unless they can be supplied from other parts of the writing itself, or, unless and until such blanks are lawfully filled. The fact, however, that a contract contains blanks when signed does not necessarily invalidate it . . . Blanks in an instrument may be rejected as surplusage if the parties so intended, and the intent must be gathered as an inference of fact from the whole setting of the transaction.' "

■ Where the contract is ambiguous or incomplete, it should be construed most strongly against its author. Cedar Park Cemetery Ass'n v. Village of Calumet Park, 398 Ill. 324; Knowles Foundry & Machine Co. v. National Plate Glass Co., 301 Ill. App. 128; Dixon v. Montgomery Ward & Co., Inc., 351 Ill. App. 75.

In this case the plaintiff prepared the contract and so parol evidence should be admissible to explain the ambiguities or to show the complete agreement. In the case of Air Conditioning Corp. v. Honaker, 296 Ill. App. 221, the court said,

"The parol evidence rule is not a rule of evidence but of interpretation or construction. (Williston on Contracts, Vol. 2, par. 631, p. 1221.) Plaintiff recognizes this, citing section 71 of the Uniform Sales Act (Ill. Rev. Stat. 1937, Ch. 121½ [Jones Ill. Stats. Ann. 121.75]) As Professor Williston points out, giving due recognition to Dean Wigmore, the parol rule is in reality a group of rules defining the constitution of legal acts, each of which consists of four elements, the creation, the integration, the solemnization, and the interpretation to external objects. (Williston, Vol. 2, Par. 632, p. 1223.) The integration depends upon the intention of the parties. The parol evidence rule is only applicable where the contract is reduced to writing and the parties agree or intend it shall be their agreement. (Williston, Vol. 2, par. 636, p. 1232.) It follows that where a writing is incomplete it may be added to by parol. This contract, when examined, is evidently incomplete."

■ We have concluded that the contract relied upon by the plaintiff was ambiguous and incomplete, and so are compelled to examine the evidence surrounding the entire transaction to learn the intent of the parties. Keeping in mind that the contract must be construed against its author, we find that there is

competent evidence upon which the jury could resolve the issues for the defendant.

■ The rule that contemporaneous oral statements cannot be heard to alter or vary the terms of a written instrument presupposes execution and delivery of the writing with intent to bind the parties by its terms. A delivery on condition is not a complete delivery until the condition is fulfilled. Kilcoin v. Ortell, 302 Ill. 531.

Here, the defendant contends that the contract was only to be operative in the event a home improvement loan was secured. The application for the loan was admitted in evidence and the contract relied upon by the plaintiff is incomplete in details concerning the manner of payment. In the case of Bell v. McDonald, 308 Ill. 329, it was contended that evidence to show a conditional execution of a contract was incompetent by reason of the parol evidence rule. Speaking of the rule forbidding parol evidence to vary the terms of a written contract, the court stated at page 336,

"While this is a recognized rule of general application, yet evidence that the instrument was not intended to take effect as a valid obligation until the occurrence of some future contingency is usually held admissible between the original parties and between them and those taking with notice. Such evidence, it is held, does not contradict the terms of the writing or vary its legal import, but tends to show that it was never delivered as a present contract."

As was said in Khosrovschahi v. Goldberg, 333 Ill. App. 378,

"It is the law that where a written document in the form of a contract is delivered conditionally, this may be shown by parol evidence."

The question for a court of review considering an order allowing a motion for judgment notwithstanding the verdict is a narrow one.

It was stated in the case of Lindroth v. Walgreen Co., 407 Ill. 121,

440

"This court, of course, on the contention here in issue is not concerned with the weight or credibility of the evidence, but only with the narrow question whether there is any evidence, together with all reasonable inferences to be drawn therefrom, which would justify submission of the case to the jury."

█ The evidence of the conditional nature of the contract as well as the executed oral contract to be effective if the defendant failed to redeem after foreclosure constituted competent evidence and so created questions of fact for the jury's determination. It was error for the court to grant judgment notwithstanding the verdict for the defendant.

█ Plaintiff in his brief, for the first time contends that there was no consideration for the new contract and so, as a matter of law, the agreement was void. This point was not made in the trial court and so it must be held to have been waived. It cannot be raised for the first time on appeal. The remaining question is as to the effect of the failure of the trial judge to rule conditionally upon the plaintiff's motion for new trial. The purpose of the statute (Ill. Rev. Stat. 1955, Chap. 110, par. 68.1 [6]) is to obviate the necessity to remand the cause to the trial court for a ruling on a portion of the post trial motion after reversal of an order of the trial court on another portion of the post trial motion and also, to give the court of review an opportunity to pass upon all necessary rulings of the trial court and thus eliminate piecemeal appeals. Unfortunately this was not done in this case. In failing to rule conditionally upon plaintiff's motion for new trial, the court erred.

Defendant also contends that the trial court erred in denying his post trial motion requesting a new trial or judgment on the verdict. Under Section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1955, Chap. 110, Par. 68.1 [3]) ". . . . A party against whom judgment is entered pursuant to post trial motion shall have

441

like time after the entry of judgment within which to file a post trial motion." According to the Joint Committee Comments, "This new section provides for motions for directed verdict at the close of all the evidence and for motions after trial. It establishes a simplified new procedure—a single post trial motion—for post trial relief in jury cases, but makes no substantial change in the basic policy of procedure established by section 68(1) of the former act and former Supreme Court Rule 22.

" . . .

"The mandatory provision that a party against whom judgment is entered pursuant to a post trial motion shall have time after the entry of the judgment to file a post trial motion is an expanded version of the provision in former Supreme Court Rule 22 requiring a party whose verdict has been set aside upon motion for judgment notwithstanding the verdict to move for a new trial under penalty of waiver."

 Under the statute then, the defendant's motion for judgment on the verdict is unauthorized. The name of the motion to be made has been changed from motion for new trial to post trial motion but there was no intention to make a substantive change in the relief which could be requested by the litigant. The trial court did not err in overruling defendant's motion for judgment on the verdict, since the only relief available was a post trial motion in the nature of a motion for new trial as it existed prior to the amendment of section 68.1 and Supreme Court Rule 22.

Because of the error of the trial court in granting plaintiff's motion for a judgment notwithstanding the verdict the order of the County Court of Ogle county must be reversed.

 The plaintiff failed to obtain a ruling by the trial court upon his motion for a new trial. By his failure to insist upon and obtain such a ruling the

plaintiff has waived his right to a new trial. (Fulford v. O'Connor, 3 Ill.2d 490; Mary Rose Smith v. Pioneer Trust & Savings Bank, 13 Ill.App.2d 424.)

This cause is reversed and the cause is remanded to that court with instructions to enter judgment for the defendant on the verdict of the jury.

In view of what we have said it will be unnecessary to pass upon the trial court's ruling on defendant's motion for a new trial.

Reversed and remanded with directions.

DOVE, P. J. and McNEAL, J., concur.