George Friesland, Plaintiff-Appellee, v. City of Litchfield, Illinois, a Municipal Corporation, Defendant-Appellant.

**Gen. No. 10,273.**

Third District.

February 18, 1960.

Released for publication March 7, 1960.

Frank W. Cooper, of Litchfield (D. R. Kinder, of counsel) for defendant-appellant.

H. B. Tunnell, of Litchfield, for plaintiff-appellee.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This is a damage suit by the plaintiff against the defendant City of Litchfield, claiming loss of livestock and other damages, by reason of the City permitting

untreated or improperly treated sewage to flow into a creek that flowed through the farm of the plaintiff, thereby poisoning his cattle. The plaintiff George Friesland, from September 25, 1955, to February 28, 1958, under a lease, farmed some 135 acres of land near the City of Litchfield. About 35 acres of the farm was in pasture and a creek passed through the southwest corner of this pasture, coming in from the west side and running in an easterly direction through the pasture for about one quarter of a mile. The creek began as a ditch near Illinois Avenue in the City of Litchfield, and ran along and past the sewage disposal plant of the City, prior to entering the pasture. There was an interceptor sewer of the City which ran from the main outfall of the City sewers to the disposal plant. This interceptor sewer ran through and alongside the ditch. After moving on the farm, some time in December 1955 or early 1956, some of the plaintiff's cattle became ill, and their symptoms were diagnosed as that of scours or diarrhea and off their feed. Eight cows and twelve calves of the plaintiff died while he was on the farm in question, and he was forced to sell three other head because of their condition. In addition he was refused sale of his milk because of odor. Whether this condition of the milk was the result of the water in the creek is questioned and disputed. City water was available to the plaintiff for the use of his cows, except for some short periods. However, at all times, the cows in the 35 acre pasture could drink from the creek. Sometime in 1956, a break occurred in the interceptor sewer, letting raw sewage escape into the creek. During 1956 and 1957 the plaintiff observed oil on the water of the creek and solid particles of raw sewage in the water. At other times the water in the creek was cloudy. There was a definite odor. A sanitary engineer for the State of Illinois Health Department, in May 1957, found raw sewage escaping into the ditch and from it into the

creek from a break in the interceptor sewer. The plaintiff testified that he complained to the Mayor and the City Council of the City of Litchfield about the condition of the water in the creek, in April 1956, and was promised that the City Council would do something about it, but did not do so. The plaintiff also claims that the City Council promised him free water, but the records of the proceedings of the Council do not bear out this claim.

Trial was had in the City Court of the City of Litchfield before a jury. The jury returned a verdict for the plaintiff in the amount of $3000. Upon motion by the defendant, the court entered a remittitur in the amount of $350, which was consented to by the plaintiff. The appeal is taken from the balance of the judgment entered by the court.

The first point urged by the defendant City is that the court erred in refusing to direct a verdict for the defendant at the close of the plaintiff's evidence, at the close of all the evidence, and also erred in overruling defendant's motion for judgment notwithstanding the verdict. This contention in effect, raises three separate questions, but since the law governing all of them is essentially the same, they will be considered as one question. Our courts have held that the same rules in deciding a motion for a judgment notwithstanding the verdict, are to be used in passing upon a motion for a directed verdict. Hughes v. Bandy, 404 Ill. 74; Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300. The question presented by either motion is whether there is any evidence fairly tending to prove the cause of action alleged, or fact affirmed, and the court does not, on such motion, weigh the evidence or consider its preponderance. Todd v. S. S. Kresge Co., 384 Ill. 524; Blumb v. Getz, 366 Ill. 273; Peters v. Peters, 376 Ill. 237. No contradictory evidence, or other evidence of any kind or character, will justify a directed verdict or

a judgment for the defendant notwithstanding the verdict, except uncontradicted evidence of facts consistent with every fact which the evidence for the plaintiff tends to prove, but showing affirmatively a complete defense. Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300. The party resisting such a motion is entitled to all the benefits of all the evidence favorable to him. Tidholm v. Tidholm, 391 Ill. 19.

■ ■ The rule of law to be applied, in determining whether a trial court should have directed a verdict for the defendant, is clear. A motion for a directed verdict should be allowed if, when all evidence is considered, with all reasonable inferences to be drawn therefrom in its aspects most favorable to the party against whom the motion is directed, there is a total failure to prove one or more essential elements in the case. Tucker v. New York, C. & St. L. R. Co., 12 Ill.2d 532; Mitchell v. Van Scoyk, 1 Ill.2d 160; Parrucci v. Kruse, 12 Ill.App.2d 30. This court, as a reviewing court, considers only the narrow question, whether there is any evidence, together with all reasonable inferences to be drawn therefrom, which would justify submission of the case to the jury. If there is any such evidence, the motions were properly denied.

■ In applying the law of Illinois as to such motions we must consider the evidence. It is not disputed that the interceptor sewer of the City crossed and ran alongside the ditch which became the creek through the pasture of the plaintiff. It is not disputed that a break occurred in the interceptor sewer and that raw sewage was found in the waters of the creek. It is not disputed that the City had notice of the condition of the water in the creek, and it is not disputed that, from some cause, the cattle of the plaintiff died. All of these matters of evidence raise questions of fact for the jury to determine. All of them present evidence from which reasonable inferences can

395

be drawn to support the essential elements of the plaintiff's case. It may well be, that upon consideration of the whole case, the evidence produced or lack of evidence, the preponderance or weight required of the plaintiff is not present, but that question is not raised by such motions. If there was any evidence, considered with all reasonable inferences to be drawn therefrom, that would support the plaintiff's case, the motions must be denied. Here there was ample evidence on the part of the plaintiff that would preclude the granting of a motion to direct a verdict or a motion for judgment notwithstanding the verdict.

■ The second point urged by the defendant for reversal is that the trial court erred in refusing to strike the testimony of a witness, Dr. Statmeyer, as to samples of water taken and reports made after February 28, 1958, and to portions of a hypothetical question propounded to Dr. Statmeyer and his answer thereto. Apparently, the main objection is to the matter of time, the defendant objecting because the samples of water from the creek were taken by Dr. Statmeyer, some two months after the plaintiff moved from the farm. Although designated by the defendant a motion to strike the testimony of Dr. Statmeyer, neither the record nor the abstract of record shows any motion to strike his testimony at the close of his testimony. The motion to strike Dr. Statmeyer's testimony was made some time later. Actually, it was made in connection with a motion to strike certain portions of the evidence of the witness Ralph Evans, a sanitary engineer for the State of Illinois. The record does show objections on the part of the defendant to Dr. Statmeyer's testimony, and also shows that when the objections were overruled, the defendant proceeded with a very thorough cross examination. In support of defendant's contention two cases are cited, namely Opp v. Pryor, 294 Ill. 538, and Kanne v.

Metropolitan Life Ins. Co., 310 Ill. App. 524. The first case deals with what may be included in a hypothetical question and the second with a death case where a woman apparently drowned and a doctor testified she might have died from chronic myocarditis. Neither of these cases shed any light or authority upon the point raised by the objections of the defendant to questions asked the witness as to samples of water taken some two months after the plaintiff had moved from the farm. Apparently, the objections to the admissibility of the evidence were on the ground that it was remote and not admissible. We do not so regard it. Taking the evidence of the plaintiff, together with that of the inspector for the State Health Department, all concerning the condition of the water in the creek while the plaintiff was on the farm, and in the absence of any testimony of the defendant, to show any change in conditions or that any steps were taken to correct the conditions prevalent in 1956 and 1957, would constitute a connected chain of evidence as to the condition of the water in the creek and was admissible for what it was worth. The jury could evaluate its weight.

The third point urged, is that the court erred in failing to withdraw a juror and declare a mistrial, after the plaintiff's counsel withdrew a question which the defendant claims was highly prejudicial, and also denying the motion of the defendant to declare a mistrial, because the court permitted the witness to testify as to an inspection on September 9th, 1958. Plaintiff's counsel conceded that this testimony was improper, but this concession on the part of the plaintiff's counsel is no admission of error on the part of the court and again, we must hold, in the absence of any testimony showing any change in conditions or any correction of the break in the sewer it is all part of connected evidence, admissible for what it was worth.

The question claimed prejudicial, was whether the witness was the same Ralph Evans who had testified for the Sanitary Water Board of the State of Illinois, on the pollution of Shoal Creek. It was objected to and a motion made to withdraw a juror and declare a mistrial on the ground that the question was asked to prejudice the jury. Plaintiff's counsel withdrew the question and the court denied the motion for a mistrial. In support of its contention that the trial judge should have declared a mistrial, the counsel for the defendant cites two cases. The case of Parlin & Orendorff Co. v. Scott, 137 Ill. App. 454, was a case where counsel for the plaintiff flagrantly violated all rules of decorum and evidence by his remarks both to the court and to the counsel for the defendant, all in the presence of the jury. Yet the court said in reversing the judgment that it regretted having to do so. The court held that counsel should not bring to the knowledge of the jury, by insinuations, intimations, or otherwise, matters entirely foreign to the issues involved. The other case, Jackson v. Craw, 149 Ill. App. 559, merely adheres to the doctrine announced in the Parlin & Orendorff Co. v. Scott case, and other cases.

██ The plain intent of these cases, and the line of cases before them, is to the effect that counsel shall not bring before the jury matters foreign to the issues, whether so intended or inadvertent, on the theory that such introduction of foreign matters tends to cloud the issues and confuse the jury.

██ In the instant case there is nothing in the record to show any connection with Shoal Creek. The question was, therefore, one that would introduce a foreign issue. There may be some basis to the defendant's contention that the question was asked to prejudice the jury. On the other hand, it might have been asked to further identify the witness as a competent witness. However, this court is reluctant to

reverse the judgment in this case on the ground raised, for the reason that it is difficult to determine if such prejudice was raised or created that would justify reversal. Unquestionably, the fact that the witness was the same witness who had testified in another matter, had no connection with the case at bar. Whether it was the intention of plaintiff's counsel to introduce prejudice, and whether the jury was prejudiced, is not so clear and convincing to this court as to warrant reversal.

As to the fourth point raised, namely that the verdict was against the manifest weight of the evidence, counsel cites no authorities in support of this point. Since our courts have many times said that unless the verdict is so palpably against the weight of the evidence as to constitute error, a reviewing court will not disturb a finding of fact by the jury, any comment on this point is unnecessary.

For the reasons stated, the judgment of the City Court of Litchfield is hereby affirmed.

Judgment affirmed.

CARROLL and ROETH, JJ., concur.