Continental Illinois National Bank and Trust Company of Chicago and Faye W. Gallas, Executors of the Last Will of Herman Gallas, Deceased, Appellees, v. National Casket Company, Inc., a Corporation, Appellant.

Gen. No. 47,994.

First District, Third Division.

October 20, 1960.

Rappaport, Clorfene, and Rappaport, of Chicago, for appellant.

Haft, Shapiro, and Davis, of Chicago (Morris A. Haft and Howard S. Haft, of counsel) for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This action was brought in the Municipal Court of Chicago by Herman Gallas, d/b/a Herman Gallas &

Co. (hereafter referred to as plaintiff), against National Casket Company, Inc. (hereafter referred to as defendant), and was tried by the court without a jury. The suit was one brought for money agreed to be paid by the defendant by virtue of a contract with the plaintiff to supply and install a steel marquee or canopy on the defendant's building, and for damages for wilful and vexatious delay of the defendant in paying the contract price. The court entered judgment for the plaintiff in the sum of $2,635, together with $966.16 interest because of the vexatious delay in payment by the defendant. From that judgment this appeal is taken.

■ The parties on appeal are restricted to the theory on which the cause was tried. They cannot adopt a position inconsistent with that assumed in the lower court. This rule is applicable both to the successful and the unsuccessful parties to the suit. 2 I. L. P., Appeal and Error, sec. 182; In re Estate of Leichtenberg, 7 Ill.2d 545, 131 N.E.2d 487; Blanchard v. Lewis, 414 Ill. 515, 112 N.E.2d 167.

The defendant contends that the theory upon which the case was tried in the trial court was erroneous and that both the plaintiff and the trial court misconceived the applicable law.

The defendant had installed a new limestone front on its building. Sometime prior to January 18, 1952 Herman Gallas met with Warren H. Brown, the Chicago manager of the defendant, to discuss the manufacture and installation of a steel marquee or canopy on the defendant's building. Subsequent to this meeting the plaintiff sent to the defendant an estimate, dated January 18, 1952, for the manufacture and installation of a marquee made from 20 gauge stainless steel, the frame-work of which would consist of channel irons and four rods that would be used to suspend the marquee. The estimate stated that the marquee

would be approximately 12 feet in width, would project from the building 9 feet, and would cost $2,635. A penciled sketch accompanied the estimate, and below the sketch was written the following:

8″ deep
gutter to one end—either outside or against building
Bolted thru.

On February 14, 1952 the defendant sent a letter to the plaintiff in which it said to enter its order for a "complete hanging Marquee made of 20 Gauge Stainless Steel per your letter of specifications of January 18, 1952."

The marquee was installed by employees of the plaintiff during the absence of Brown from Chicago. On the limestone front of the defendant's building, immediately over the door, the name "National Casket Company" was carved in a slab of limestone which was a part of the building. The canopy, when installed, covered better than the lower half of the word "Company." The plaintiff in its statement of claim alleged that he had installed the marquee "in accord with the terms of the . . . purchase order and agreement," and the purchase order was attached to the statement of claim.

The defendant in its defense denied that the marquee was installed in accordance with the terms of the purchase order and states that it was defectively installed and "contrary to that agreement of the parties in that the Marquee obliterated the face on the front of the building which name was carved in the limestone, which was a part of said building." The plaintiff filed a reply.

At the beginning of the trial the defendant, in answer to the court's question, admitted that the marquee had been installed. The court thereupon apparently

assumed that the defendant had the burden of proof and that it was incumbent upon the defendant to prove that the marquee had not been installed in accordance with the terms of the contract, which would require proof on the part of the defendant that the agreement between the parties was that the marquee should be so installed as not to encroach upon the sign over the door of the building.

The estimate of the plaintiff and the purchase order of the defendant, together with the sketch, were admitted in evidence. Gallas was called as an adverse witness by the defendant, and he testified that he had a conversation with Brown, the representative of the defendant, after he had sent Brown the estimate which was in evidence. The witness testified that Brown called his attention to the sign over the doorway of the building, that the witness then told Brown that he would make the marquee to follow the contour of the ceiling, and that at that time there was a discussion of the height of the canopy. The witness testified that he told Brown that the marquee should be eight inches high, and that if it was that high and followed the contour of the ceiling it would obliterate at least half of the word "Company"; that Brown thereupon said that he was satisfied to have it eight inches even if it did obliterate a portion of the sign. Brown, on behalf of the defendant, testified that he talked to Gallas and at that time he told him that the canopy had to be installed so that the name would show; that he asked him for an estimate and afterwards Gallas sent him the estimate and a sketch, and in response to that he issued the order for the marquee; that on the sketch he had marked eight inches as the height of the canopy though he had never measured the distance from the top of the door to the word "Company."

After this evidence had been presented, and after the plaintiff had tendered Brown for cross-examina-

tion, the attorney for the plaintiff made a motion for a finding in favor of the plaintiff. This was objected to by the defendant. The court said that he would reserve the motion until after cross-examination.

The plaintiff then cross-examined Brown. Gallas was later recalled to answer a couple of questions. The plaintiff again made a motion for a finding in favor of the plaintiff "at the close of all of the defendant's evidence, the defendant having had the burden of proceeding." The court sustained the motion and found for the plaintiff. Judgment was entered for the amount sued, plus $966.16 interest.

■ ■ Under the theory upon which the case was tried the court took the view that upon defendant's admission that the marquee had been installed the burden of persuasion, as well as the burden of going forward with the evidence, devolved upon the defendant. The defendant under that theory then proceeded to put in evidence to prove its case. When the defendant introduced the testimony of Gallas and Brown it indicated that the documents in evidence did not contain all the terms of the contract between the parties. The court properly admitted that evidence. The plaintiff took the view that the contract in question was complete in itself and that any parol evidence would be inadmissible because it would tend to vary the terms of the written contract. It is a rule of law that parol evidence may be introduced to show additional consistent terms of a contract where the writing is not found to be a complete and exclusive statement of the whole agreement. That question is determined by an inspection of the entire document and from parol evidence, which may be introduced to place the tribunal in the position of the parties at the time they entered into the contract. From all of the facts it is determined whether the contract was a complete and exclusive statement of the agreement of the parties.

453

McCormick on Evidence, chap. 24, sec. 212; Unique Watch Crystal Co., Inc. v. Kotler, 344 Ill. App. 54, 99 N.E.2d 728.

■ In the case before us the estimate and purchase order lacked many terms which were necessary to make a complete contract. At common law all the material terms of the contract must be alleged and proved by the plaintiff. An issue raised by the pleadings was as to whether or not the plaintiff had installed the marquee in accordance with the terms of the contract. The defendant introduced the evidence of Gallas and Brown. Both agreed that there was a conversation concerning the position of the marquee with respect to the name. Their evidence was in sharp conflict, and raised a question of fact as to what were the actual terms of the contract. The burden of proving the terms of the contract rests upon the plaintiff. The trial court as the finder of fact must determine from the evidence what the contract was.

■■ Whether the trial is before the court without a jury or with a jury, the rule is the same with reference to a motion for either a directed verdict or for a finding by the court. Spitzer v. Bradshaw-Praeger & Co., 10 Ill.App.2d 445, 135 N.E.2d 114. The motion at the close of the adversary's evidence admits all the facts and all reasonable inferences that can be drawn from the adversary's evidence, and all evidence to the contrary must be disregarded. Dargie v. East End Bolders Club, 346 Ill. App. 480, 105 N.E.2d 537; American Art Works v. Chicago Picture Frame Works, 264 Ill. 610, 106 N. E. 440; 89 C. J. S., Trial, sec. 594c.

■ In this case the court considered the burden of persuasion was upon the defendant. Here the only question to be determined by the court on a motion for a finding at the close of the defendant's evidence

454

is as to whether there is any evidence fairly tending to prove the defense set up by the defendant. The court cannot weigh the evidence nor consider its weight or preponderance, and if the evidence is conflicting the court has no right to sustain the motion. Friesland v. City of Litchfield, 24 Ill.App.2d 390, 164 N.E.2d 606.

Had the case been tried in the ordinary way, at the close of all the evidence the trial court would have determined the terms of the contract by weighing the evidence and considering its weight and preponderance. It could not do so here on plaintiff's motion. Sustaining the motion was error.

The contract here was not for the sale of goods. It was for the manufacture and installation of a marquee on the defendant's building. The sections of the Sales Act cited by the plaintiff are not applicable.

██ The court awarded $966.16 because of vexatious delay. In any case that award was improper. There is testimony in the record that some thirty letters were written by Brown to the plaintiff, in which Brown stated he wanted to see the plaintiff about the installation. These letters, which the plaintiff in his testimony admitted receiving, were not admitted in evidence by the court. On a retrial we think the letters should be admitted in evidence. Gallas testified that he had attempted to see Brown on various occasions and that he had been to Brown's office four times but had been unable to talk with him. Gallas sent the defendant a statement every month from the time of the installation of the marquee. Suit was not filed by the plaintiff until four years after the installation. Where there is an honest dispute between businessmen as to the amount due, mere delay in paying the amount allegedly due does not constitute vexatious delay justifying an award. That was the case here. Grollman v.

Montgomery Ward & Co., 181 Ill. App. 598; Espert v. Ahlschlager, 117 Ill. App. 484; Hoblit v. City of Bloomington, 71 Ill. App. 204.

While the appeal was pending in this court, Herman Gallas died, his death was suggested of record, and Continental Illinois National Bank and Trust Company of Chicago and Faye W. Gallas, Executors of the Last Will of Herman Gallas, deceased, were substituted as appellees.

The judgment of the Municipal Court of Chicago is reversed, and the cause is remanded for proceedings consistent with the views expressed herein.

Reversed and Remanded.

SCHWARTZ, P. J. and DEMPSEY, J., concur.